People v Lane (2019 NY Slip Op 09199)





People v Lane


2019 NY Slip Op 09199


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1220 KA 17-01807

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICKEISHA S. LANE, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, ACTING DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT.


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered September 26, 2016. The judgment convicted defendant, upon her plea of guilty, of attempted promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of attempted promoting prison contraband in the first degree (Penal Law §§ 110.00, 205.25 [1]). We agree with defendant that her waiver of the right to appeal does not encompass her challenge to the severity of the sentence (see People v Maracle, 19 NY3d 925, 928 [2012]) inasmuch as County Court "failed to advise defendant during the course of the allocution that [she] was waiving [her] right to appeal any issue concerning the severity of the sentence" (People v Cook, 147 AD3d 1387, 1387 [4th Dept 2017], lv denied 29 NY3d 996 [2017]). Further, although defendant executed a written waiver of the right to appeal, there was no colloquy between the court and defendant regarding the written waiver to ensure that she read and understood it and that she was waiving her right to challenge the severity of the sentence (see People v Mack, 124 AD3d 1362, 1363 [4th Dept 2015]). We nevertheless conclude that the negotiated sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court